**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SANDRA SLEETH,** | § | |
| | § | |
| **V.** | § | **A-07-CA-545 LY** |
| | § | |
| **WAL-MART STORES, TEXAS LLC** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATED MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Motion to Remand and Request for Leave to Join Indispensable Party (Clerk's Doc. No. 7) filed on August 6, 2007, Defendant's Response to Plaintiff's Motion to Remand and Request for Leave to Join Indispensable Party (Clerk's Docket No. 13) filed on August 16, 2007, and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Remand and Request for Leave to Join Indispensable Party (Clerk's Docket No. 14) filed on August 22, 2007.  The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On June 7, 2007, Plaintiff filed this action in the 33rd Judicial District Court of Burnet County, Texas.  Defendant answered on July 5, 2007, and then removed the case to federal court, alleging diversity jurisdiction.  Plaintiff alleges in her Original Petition that she was sexually harassed while employed as a cashier at Wal-Mart No. 728 located in Marble Falls, Texas.  As part

of the "Factual Background" section of her Complaint, Plaintiff alleges that she was inappropriately touched by a female manager in the workplace, complained about the incident, and that no action was taken.  In her Original Complaint, Plaintiff claims discrimination based upon sex in violation of various sections of the Texas Labor Code, and raises a cause of action for "slanderous defamatory conduct."  Wal-Mart is the only defendant named in the Original Petition.

In her Motion to Remand and Request for Leave to Join Indispensable Party, Plaintiff now claims that "based upon Wal-Mart's Original Answer in the instant suit, this Court no longer has subject matter jurisdiction in this case based upon diversity jurisdiction."  *See* Motion to Remand and Request for Leave to Join Indispensable Party at p. 1.  Plaintiff relies upon Defendant Wal-Mart's Eleventh Defense for her claim that Customer Service Manager Lee Ann White is an indispensable party to Plaintiff's employment discrimination cause of action.  The Eleventh Defense states:

> Defendant alternatively pleads that to the extent that any of the individuals alleged to have discriminated against Plaintiff engaged in any conduct described in the Original Petition, such actions were outside the scope of their employment, were contrary to the policies and directives of Defendant, and were not done in furtherance of Defendant's business interests.

*See* Defendant Wal-Mart's Original Answer at 4 (filed as an attachment to the Notice of Removal, Clerk's Doc. No. 1).  Plaintiff requests leave to amend her Complaint, to add various causes of action against White, thereby destroying this Court's diversity jurisdiction.  Wal-Mart responds that the case was properly removed because complete diversity existed between Plaintiff and Wal-Mart at the time of removal, and Plaintiff that has failed to identify any defect in removal.  Wal-Mart argues that Plaintiff is trying to improperly join a non-diverse defendant for the sole purpose of destroying

2

diversity.  This Court agrees and recommends that Plaintiff's Motion to Remand and Request for

Leave to Join Indispensable Party (Clerk's Docket No. 13) be denied.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when

justice so requires." FED. R. CIV. P. 15(a).  However, "[i]f after removal the plaintiff seeks to join

additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e); *see also*

*Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999).  Thus, the right to amend is not as

freely available when a plaintiff is seeking to amend to add non-diverse defendants after removal.

*See Williams v. Vincent International, Inc.*, 192 F.R.D. 544, 548 n. 7 (S.D. Miss.), *Sharp v. Kmart*

*Corp.*, 991 F.Supp. 519, 521 (M.D. La. 1998). Indeed, where, as here, an amendment will destroy

diversity, most authorities agree that the court should deny leave to amend unless strong equities

exist in favor of granting leave.  *See Hensgens v. Deere Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Thus, in deciding whether to permit amendment, the court should consider: (1) the extent to which

the purpose of the amendment is to defeat diversity jurisdiction; (2) whether the plaintiff has been

diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment

is denied; and (4) any other factors bearing on the equities.  *See Hensgens*, 833 F.3d at 1182.

In making the first of the *Hensgens* inquiries, courts within the Fifth Circuit consider

whether, when suit was first filed, the plaintiff knew the identity of the party sought to be joined, and

the facts underlying the claim against that party.  *See In re Norplant Contraceptive Prod. Liab. Litig.*,

898 F. Supp. 429, 432 (E.D. Tex. 1995).  "[W]hen the plaintiff knew about the nondiverse party's

activities at the time the suit was originally brought . . . but still chose not to include that party as an original defendant, courts have viewed any later attempt to add the nondiverse party . . . as nothing more than an attempt to destroy diversity." *Id.* at 435.  In this case, it is plain from the Original Petition that Plaintiff knew at the time she filed her Original Petition that Lee Ann White had allegedly assaulted her, and she knew of the facts surrounding that assault.  With regard to her proposed claims of defamation against White, Plaintiff's Original Petition claimed defamation against Wal-Mart based upon the statements of its employees.  Plaintiff has failed to allege that there were facts relating to any defamatory statement by White that Plaintiff was unaware of when she filed her Original Petition.  Because Plaintiff was aware of any claims she might have had against White when she filed her Original Petition, but chose not to name White in that suit, Plaintiff's claim that White is now an "indispensable party" is suspect.  Plaintiff's assertion that she only became aware of the necessity of adding White based upon Defendant's Answer is not credible.  The late addition of White seems an obvious attempt to defeat diversity jurisdiction.  Thus, the first *Hensgens* factor weighs against allowing Plaintiff to add White.

The second factor the Court must consider is whether Plaintiff has been diligent in requesting remand.  This case was removed to federal court on July 9, 2007.  Plaintiff filed her Motion to Remand and Request for Leave to Join Indispensable Party on August 6, 2007.  Generally, § 1447(c) requires that a motion to remand based on any defects in removal be filed within 30 days of the date of removal.  *See* 28 U.S.C. § 1447(c).  While Plaintiff is not claiming that there was a defect in the removal petition, the Court believes that the 30 day deadline set in § 1447(c) serves as a good benchmark for the diligence inquiry under the second *Hensgens* factor.  *But see Phillips v. Delta Air*

4

*Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001) (suggesting, without citation to any authority, that seeking to join parties who would defeat diversity within 30 days of removal was not sufficiently prompt). Because Plaintiff sought to join White within 30 days of removal, the Court concludes that Plaintiff acted diligently in seeking joinder.  Thus, this factor weighs in favor of permitting leave to amend.

The third factor the Court must weigh is whether Plaintiff will be prejudiced if the amendment is denied.  Wal-Mart is fully capable of satisfying any money judgment on Plaintiff's claims.  *See Alantara v. Prudential Life Ins. Co. of Am.*, 75 F.Supp.2d 563, 566 (E.D. Tex. 1999). Additionally, Plaintiff may sue White in state court for any torts White may have committed outside the scope of her employment.  With regard to Plaintiff's argument that she will be prejudiced because her claims against White would be barred by the doctrine of collateral estoppel if White is not joined, collateral estoppel will not bar Plaintiff from pursuing state tort claims against White in a separate suit, regardless of the outcome of the instant suit.  Under Texas law, the doctrine of collateral estoppel (also known as issue preclusion) prevents the relitigation of issues when: (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Turnage v. JPI Multifamily, Inc.*, 64 S.W.3d 614, 617 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (citing *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)).  Here, the jury would be deciding different issues of ultimate fact.  In this case, Plaintiff seeks to amend to bring claims against White of "slander, defamation of character, and unwanted sexual conduct with the Plaintiff."  *See* Plaintiff's First Amended Original Petition

5

Attached as Exhibit C to Plaintiff's Motion to Remand (Clerk's Doc. No. 7).  Her claims against Wal-Mart are sex discrimination claims and a claim for "slanderous defamatory conduct."  The issue of whether Wal-Mart engaged in slander is separate from whether White did.  None of the other claims are similar, as Plaintiff has not brought an assault claim against Wal-Mart, and cannot sue White directly for discrimination.  Additionally, White and Plaintiff will not be cast as adversaries if the court denies Plaintiff leave to join White, thus negating the third element of collateral estoppel under Texas law.  Accordingly, the Court finds that Plaintiff will not be prejudiced by the denial of leave to amend.

The last factor the Court must consider is whether the equities weigh for or against amendment.  Plaintiff points to no equities that favor amendment (other than the arguments already addressed above).  Given the Court's conclusion that Plaintiff's claimed need for joining White is questionable, and it appears that the true reason for her joinder would be to defeat diversity, the Court concludes that the equities do not run in the Plaintiff's favor, and therefore the fourth *Hensgens* factor weighs against permitting White's joinder.

In summary, then, the first, third and fourth of the *Hensgens* factors suggest leave to join White should be denied, while only the second factor supports White's joinder.  Consideration of all of the factors thus leads to the plain conclusion that White's joinder should not be permitted, and this Court should exercise jurisdiction over this case.

### III. RECOMMENDATION

In light of the foregoing, the Court RECOMMENDS that the District Court DENY Plaintiff's Motion to Remand and Request for Leave to Join Indispensable Party (Clerk's Doc. No. 7).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of October, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE